FILED
SUPERIOR COURT
OF GUAM

2022 JUL 18 PM 2: 13

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0208-21 |
| | ) | GPD Report No.: 21-10223 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER RE: |
| | ) | DEFENDANT'S MOTION FOR |
| DAVID THOMAS LENNON POPP, | ) | DEFERRED FAMILY VIOLENCE |
| DOB: 06/07/1983 | ) | MISDEMEANOR PLEA |
| | ) | |

## I.  INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on Defendant David Thomas Lennon Popp's (the "Defendant") Motion for Deferred Plea ("Motion"). At the hearing on April 21, 2022, Defendant was present with his counsel, Curtis C. Van de veld. The People of Guam were represented by Assistant Attorney General Grant Olan. Also present was Probation Officer Meagan McDonald. Following the hearing on the Motion, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. After reviewing the Parties' written briefs and the record on file with the Court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the Court now issues this Decision and Order GRANTING Defendant's Motion.

## II. BACKGROUND

The Defendant is charged with the following offenses: (1) STRANGULATION (As a 3rd Degree Felony); and (2) FAMILY VIOLENCE (As a Misdemeanor). Mag.'s Compl. (Apr. 28,

2021). According to the allegations set forth in the Magistrate's Complaint and Declaration, the alleged Victim (the "Victim") reported that in the early hours of April 27, 2021, she arrived at the residence of the Defendant, an individual with whom she was romantically involved. *Id.* The pair had been drinking the night before and they soon got into an argument. *Id.* The Victim attempted to leave but the Defendant blocked the doorway. *Id.* The Defendant told her he would kill himself if she left. *Id.* The Defendant began hitting his head against the door and the Victim's hand was hurt when she attempted to stop him by putting her hand on his forehead. *Id.* The Defendant then allegedly threw the Victim on the bed, straddled her, and began chocking her. *Id.* The Victim allegedly yelled, "please let me go." "stop I can't breathe," and "help me!" *Id.* The Defendant eventually released the Victim and she left the residence. *Id.* The Defendant denies strangling or choking the Victim. *Id.* The Defendant has no prior criminal record.

## III.   DISCUSSION

Defendant's Motion seeks an order of this Court allowing him to "enter a deferred plea of guilty to a misdemeanor charge of Family Violence subject to the requirements for making such plea as provided by 9 G.C.A. §30.80 and §30.80.2." Motion at 1. Defendant proffers that none of the elements set forth in 9 G.C.A. §30.80.1 render him ineligible for a deferred family violence plea; however, because the People refused to extend a deferred plea,[1] he seeks this Court's approval pursuant to Section 30.80.1(e).[2]

---

[1] Notice Re: Defendant's Elig. for Family Violence Deferred Plea Agreement pursuant to 9 GCA § 30.80 and 30.80.1 (Mar. 21, 2022)(the "Notice").

[2] The Defendant's moving papers seek a deferred plea only as to the misdemeanor Family Violence charge, and the Court has not been asked to extend the deferred plea to the First Charge of Strangulation, nor would it be able to do so under the Family Violence Act provisions upon which Defendant's motion is based. The statute unequivocally states that a defendant can only seek a deferred plea as "to a misdemeanor charge of family violence . . . ." 9 GCA § 30.80. *See also* Committee Report on Bill No. 214-31 (COR) at 5 (emphasis added)("The Deferral program does not encompass felony offenses, so in §30.80.2(c) the phrase "no more than three (3) years if a misdemeanor is charged, and no more than five (5) years if a felony is charged" was amended to read "no more than three (3) years.""

The People oppose the Motion, arguing that "[t]he fact that a defendant is not made ineligible by Subsection (a) of this § 30.80.1 does not automatically entitle a defendant to the deferred guilty plea for family violence." 9 G.C.A. § 30.80.1(b). Citing to the First Charge in the Indictment accusing the Defendant of Strangulation (as a 3rd Degree Felony) "and facts of this case," the People declared it will not agree to offer a Deferred Plea Agreement despite finding that he is eligible for such deferred plea under Section 30.80. See Notice.

The Court considers the factors outlined in Section 30.80.2 in determining whether to exercise its discretionary authority in this case and grant Defendant's Motion: (1) the nature and extent of the injury inflicted upon the victim, (2) any prior incidents of family violence by the Defendant, and (3) any factors that would adversely influence the likelihood of successful completion of the deferred plea agreement. 9 GCA § 30.80.2(a). Because the People agree that Defendant is legally eligible for a deferred family violence plea if not for the factual allegations and the Strangulation charge, the Court shall center its analysis on the alleged facts of the case to determine whether a deferred plea to misdemeanor family violence would be appropriate.

## 1. THE NATURE AND EXTENT OF THE INJURY INFLICTED UPON THE VICTIM

The main contention between the parties is whether the nature and extent of the injury allegedly inflicted upon the Victim warrants denying the Defendant's Motion for a deferred plea. *See* People's Br. at 3 ("[Defendant's] offenses are more violent than the run-of-the mill family violence case."); *See also* Deft.'s Br. at 1 ("The government has informed the court as to eligibility that it opposes the award of a deferred plea based on severity of the conduct and the

submitted evidence will be presented in contradiction of that assertion." ). Importantly, the People state that the Victim opposes granting the deferred plea because "(1) the offense was violent, (2) she is scared of the Defendant; and (3) she does not want the case dismissed and expunged from his criminal record." People's Br. at 3. The Public Law that was later codified into 9 GCA § 30.80 states that "I Liheslaturan further finds that obtaining justice for victims of domestic violence largely outweigh the desires of their abusers." Family Violence Act, Pub. L. No. 31-109 (2013). The Victim's desire to not have the case dismissed thus weighs heavily in the Court's determination; however, the deferred nature of Defendant's guilty plea to the misdemeanor family violence charge, by itself, does not impact the remaining felony Strangulation charge. The felony charge is not eligible for nor has Defendant moved for a deferred plea of that charge under the Family Violence Act.

With respect to the violent nature of the alleged act, the evidence submitted by both parties consists of photos of the Victim taken by the Guam Police Department (the "GPD") following the incident, and police reports, which include purported statements made by the Defendant. A statement by medical personnel who reportedly rendered assistance to the Victim indicates that no visible injury on the neck area was noted, but that she was advised to apply ice to the injured portion of her left palm to prevent from swelling. *See* Deft.'s Submission of Evidence (Mar. 25, 2022); People's Opposition (Mar. 30, 2022). The Court finds the parties' submissions, without more (e.g., testimony, etc.) to be inconclusive as to the nature and extent of the injury for the purposes of the instant Motion. Thus, this factor neither weighs for nor against the Defendant.

//

//

## 2. PRIOR INCIDENTS OF FAMILY VIOLENCE BY THE DEFENDANT

The purpose of 9 GCA § 30.80 was to provide "first-time offenders" with "counseling, education, and in some cases, clinical treatment . . . [so they] are less likely to reoffend." Pub. L. No. 31-109. Defendant is a first-time offender. This factor weighs in the Defendant's favor.

## 3. ANY OTHER FACTORS THAT WOULD ADVERSELY INFLUENCE THE LIKELIHOOD OF SUCCESSFUL COMPLETION OF THE DEFERRED PLEA AGREEMENT.

The "elephant in the room" which might factor into the Defendant's ability to complete conditions of a deferred family violence plea is the adjudication of the First Charge of Strangulation (As a Third Degree Felony). Whether the Strangulation charge is adjudicated through trial or through an agreement of the parties, if incarceration is required as part of any such adjudication, this weighs in as potentially adverse to Defendant's ability to complete conditions of a deferred plea. The maximum period that a family violence plea may be deferred is three (3) years (9 G.C.A. §30.80.2(c)), while the maximum term of incarceration for Strangulation (as a Third Degree Felony) is five (5) years (9 G.C.A. § 80.30(c).

However, at this time, the Court does not attribute the pendency of the Strangulation charge to negatively impact its decision herein. All other positive factors, including Defendant's lack of any criminal history, his willingness to undergo treatment and counseling, and his willingness to enter a plea of guilty on the condition that it shall be deferred pursuant to the Family Violence Act, outweigh consideration of a speculative conclusion to the outstanding felony charge.

## IV. CONCLUSION

The factors considered herein weigh in favor of the granting Defendant's Motion. Consequently, the Court finds that the Defendant is eligible and entitled to a Deferred

Misdemeanor Family Violence Plea pursuant to 9 GCA § 30.80, 30.80.1 and 30.80.2.

Defendant's Motion is GRANTED as to Charge Two, Family Violence (As a Misdemeanor).

SO ORDERED this **JUL 1 8 2022**_____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam